**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____
:
LEE A. JACKSON                                    :
:
            Plaintiff,                            :
      v.                                          :          CIVIL ACTION NO. 06-2479 (JAP)
:
ELIZABETH POLICE DEPARTMENT,                      :
et al.                                            :          **OPINION**
            Defendants.                           :
:
:
_____:

PISANO, District Judge.

        Before the Court are three motions for summary judgment pursuant to Federal Rule of

Civil Procedure 56,  filed by Defendant Brian Clancy, Defendant Michael Maulshagen, and

Defendant Elizabeth Police Department.  _Pro se_ Plaintiff Lee Jackson has opposed Defendants'

motions.  The Court has jurisdiction pursuant to 28 U.S.C. § 1331 and decides these motions

without oral argument as permitted by Fed. R. Civ. P. 78.  For the reasons set forth below, the

Court grants summary judgment in favor of the Defendants and dismisses Plaintiff's complaint.

I.        **Background**

        On June 17, 2005, Elizabeth Police Department Officers Brian Clancy and Michael

Maulshagen were on routine patrol in the area of Fairmount Avenue, Elizabeth, New Jersey.

While on patrol, they observed a car with an expired inspection sticker.  The officers, who were

dressed in uniform and were in a marked police vehicle, activated the squad car's lights and

sirens to conduct a motor vehicle stop of the car.  They approached the car and asked the driver

to produce identification.  Defendants assert that the driver of the car was unable to produce any identification, and that the driver identified himself as Troy C. Williams, the registered owner of the vehicle.  The driver was later identified as Anthony Lee Jackson.

The police officers then ordered Jackson out of the vehicle.  They assert that after disobeying the police officers' verbal commands, Jackson forced the car into gear and fled the scene of the motor vehicle stop.  The officers followed the car as it fled east onto Fairmont Avenue and then south onto Spring Street.  Upon reaching the intersection of Olive Street, Jackson made a sudden U-turn and continued north on Spring Street.  He ran a red light at the intersection of Woodruff Lane.  Jackson's car then struck a van stopped at the red light on North Avenue.  The impact propelled Jackson's car through the intersection, causing it to strike a light pole.  After bouncing off of the light pole, Jackson's car then struck another car.  Jackson does not dispute any of the above facts, except that he asserts that when the officers asked him his name, he told them it was Anthony Jackson.

Jackson's car finally came to rest on the corner of the intersection.  Officers Clancy and Maulshagen radioed headquarters to request additional assistance.  They assert that they continually ordered Jackson to turn off the car and place his hands in the air, and that Jackson continued to ignore their requests.  They assert that Jackson forced the car into reverse and violently reversed in a south east direction.  The vehicle came to rest on a concrete island.

The officers ordered Jackson to turn off the vehicle and place his hands in the air.  They assert that Jackson continually ignored the officers' commands and tried to drive away.  Officer Maulshagen then covered the passenger side while Officer Clancy opened the driver's door and attempted to pull Jackson from the vehicle.  According to Defendants, Jackson continued to

resist and ignored the officers' orders to turn off the car.  Officer Clancy then struck Jackson in an attempt to overcome Jackson's extreme physical strength.  Defendants assert that Jackson then abruptly exited the vehicle and continued to ignore the officer's orders to surrender, that Jackson punched Office Clancy in the chest, and that he also struck Officer Maulshagen while attempting to flee.

The Defendants assert that they repeatedly ordered Jackson to stop resisting.  Officer Clancy described Jackson as possessing an almost superhuman level of strength, leading him to believe that Jackson was under the influence of a narcotic.  Again, Jackson does not dispute any of the above facts, except he asserts that at one point, Officer Maulshagen pointed his gun at Jackson, which Jackson responded to by putting his hands in the air.

Officer Cabral, Officer Leonard, Officer Williams and Officer Fiorille arrived on the scene as back-up and attempted to subdue Jackson.  Officer Cabral sprayed a chemical agent near the suspect's face in an attempt to subdue him.  Officer Maulshagen, Officer Cabral and Officer Leonard were then able to handcuff Jackson to his car.  Jackson was then taken to the hospital and treated.  He asserts that he was hit in the mouth and in the eye, and that he was thrown to the ground, stomped on, punched, and kicked.

The police confiscated the following items from the driver's side floorboard: (1) one glass pipe with suspected narcotics residue; (2) one plastic baggie with suspected narcotics; (3) three vials of suspected cocaine; and (4) one cigarette containing suspected marijuana.  Jackson was arrested and charged with resisting arrest, eluding an officer, aggravated assault, possession of a controlled dangerous substance, possession of marijuana, and use or possession with intent to use.  Jackson was also charged with the following motor vehicle violations: failure to inspect,

driving while intoxicated, operating with drugs in possession or in a motor vehicle, and a license restoration fee. He was later convicted of driving under the influence, eluding/substantial risk of injury, and possession. Jackson is presently incarcerated.

On June 9, 2006, Jackson brought this action pursuant to 42 U.S.C. § 1983 against Officer Clancy, Officer Maulshagen, and the Elizabeth Police Department, claiming that Defendants used excessive force against him in effecting his arrest. Each Defendant has moved for summary judgment dismissing Jackson's complaint.

**III.    Standard of Review**

A court shall grant summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The substantive law identifies which facts are critical or "material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

On a summary judgment motion, the moving party must show, first, that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to present evidence that a genuine, fact issue compels a trial. *Id.* at 324. In so presenting, the non-moving party must offer specific facts that establish a genuine issue of material fact, not just "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Thus, the non-moving party cannot rely on bare assertions or conclusory allegations to support his affirmative claims. *See, e.g., Morales v. Busbee*, 972 F. Supp. 254, 259 (D.N.J. 1997). "Where the record

4

taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no

'genuine issue for trial.' " *Matsushita*, 475 U.S. at 587 (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

**IV.    Analysis**

Plaintiff alleges that Officers Clancy and Maulshagen used excessive force in effecting his arrest in violation of his constitutional rights.  Specifically, Plaintiff alleges that he was struck in the mouth and in the eye by Officer Clancy, and that he was stomped on, punched, and kicked by multiple officers.  Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States. 42 U.S.C. § 1983.  The use of excessive force by police officers in the exercise of their authority, in violation of the Fourth Amendment of the Constitution, may give rise to a Section 1983 cause of action.  *See, e.g., Tenn. v. Gerner,* 471 U.S. 1 (1985).

**A.    Officer Clancy**

Officer Clancy asserts that he used minimal force to arrest Jackson, who was a violent suspect who had already used his vehicle to elude capture and had who assaulted two police officers.  Officer Clancy argues that he had no reason to believe that his conduct under these circumstances was unlawful.  Therefore, he argues, he is entitled to qualified immunity dismissing him from this lawsuit.

Qualified immunity is intended to shield government officials performing discretionary functions from liability from civil damages, provided their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."

*Kopec v. Tate*, 361 F.3d 772, 776 (3d Cir. 2004) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  In *Saucier v. Katz*, 533 U.S. 194 (2001), the United States Supreme Court held that a claim of qualified immunity must be analyzed using a two-step inquiry.  The threshold question the court must examine is whether, taken in the light most favorable to the party asserting the injury, the facts alleged show that the officer's conduct violated a constitutional right.  *Saucier*, 533 U.S. at 201.  If the plaintiff fails to make out a constitutional violation, the qualified immunity inquiry does not need to proceed further.  *Bennett v. Murphy*, 274 F.3d 133, 136 (3d Cir. 2002).  If the plaintiff establishes a constitutional violation, however, the court must then examine whether the right violated is "clearly established."  *Saucier*, 533 U.S. at 201.

Excessive force allegations are properly scrutinized under a Fourth Amendment objective reasonableness standard.  *See Graham v. Connor*, 490 U.S. 386, 388 (1989).  In assessing reasonableness, the court must consider the totality of the circumstances in the case, including the severity of the crime, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.  *Id.* at 396.  The reasonableness of the particular use of force must be judged from the perspective of a reasonable officer on the scene.  *Id.*

Upon review of these factors, it is clear that the force used by Officer Clancy in effecting Plaintiff's arrest cannot be considered unreasonable.  Although Plaintiff contends that at some point after his vehicle came to a final stop, he raised his hands in the air, Plaintiff does not dispute that just moments beforehand, he had taken off in his vehicle and caused accidents with two other cars on the road.  He also does not dispute that he punched Officer Clancy and struck Officer Maulshagen.  Further, he does not dispute that he attempted to flee from the officers on

foot.  Officer Clancy was confronted with an individual who he understood to be under the influence of narcotics, who attempted to escape arrest, and who had already created a dangerous environment for the police officers and for bystanders.[1]  Because of Jackson's flight, resistance to arrest, and assault of Officers Clancy and Maulshagen, the force used by Officer Clancy to subdue and detain him is reasonable under the Fourth Amendment.

The Court's conclusion that Officer Clancy acted reasonably under the circumstances, and therefore did not violate the Fourth Amendment, obviates the need to move onto the second step of the qualified immunity inquiry- whether the constitutional right violated was clearly established.  The Court will grant summary judgment in favor of Defendant Clancy dismissing Plaintiff's complaint.

**B.**   **Officer Maulshagen**

Officer Maulshagen argues that Jackson has made no assertion that Officer Maulshagen struck or otherwise injured him during the course of effecting Plaintiff's arrest.  Officer Maulshagen argues that consequently, Plaintiff's complaint does not in any way implicate him as to a violation of a clearly established Constitutional right.  The Court agrees.  After conducting a thorough review of Plaintiff's complaint and Plaintiff's opposition to Defendants' summary judgment motions, the Court finds that Plaintiff has not made any assertion that Officer Maulshagen struck or otherwise injured him.  Even in the event that Maulshagen had struck Jackson in the course of effecting Jackson's arrest, Maulshagen would be entitled to qualified immunity for the reasons articulated in Section IV. A. *supra*.  Therefore, the Court will grant

---

[1]     The Court notes that, as explained above, Jackson was subsequently convicted of driving under the influence, eluding/substantial risk of injury, and possession.

summary judgment in favor of Defendant Maulshagen dismissing Plaintiff's complaint.

### C.      City of Elizabeth

The City of Elizabeth argues that Plaintiff has failed to allege or establish a cause of action against the City of Elizabeth or the Elizabeth Police Department.[2]  The Court agrees.  On June 9, 2006, the Court entered an order dismissing the Elizabeth Police Department without prejudice as a defendant in this case because Plaintiff had not alleged that "execution of a government's  policy or custom, whether made by its lawmakers or by those whose edicts and acts may fairly be said to represent official policy, inflict[ed] the injury."  Order, June 9, 2006 (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978)).  After the entry of this Order, Plaintiff did not seek to file an amended pleading against the City of Elizabeth and/or the Elizabeth Police Department alleging such a policy or custom.  Nor has Plaintiff produced any evidence regarding a municipal custom or policy on the part of the City of Elizabeth and/or the Elizabeth Police Department.  Therefore, the City of Elizabeth's motion for summary judgment is granted.

## V.      Conclusion

For the reasons stated in this opinion, the Court grants Defendants' motions for summary judgment dismissing Plaintiff's complaint in its entirety.  An appropriate order accompanies this opinion.

---

[2]        The City of Elizabeth was improperly pled as the Elizabeth Police Department.